UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RAYMOND D. MARKLEY, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Cause No. 1:21-CV-305-HAB |
| CIVIL TOWN OF VAN BUREN, et al., | ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

Plaintiff tripped and fell while traversing what he describes as a treacherous walkway to his local post office. He complained about the walkway to various employees of the Town of Van Buren, but the walkway was not cleared. As a result, Plaintiff sued alleging violations of the Americans with Disabilities Act.

Now before the Court are several motions, procedural and substantive, over Plaintiff's complaint. After reviewing each motion, the Court finds that Plaintiff has failed to state a claim on which relief could be granted against the individual Defendants. As a result, those Defendants will be dismissed.

**I.      Factual and Procedural Background**

**A.      *Plaintiff's Complaint***

This suit arises from a several-day ordeal Plaintiff encountered while trying to access his local post office. On the first day, Plaintiff went to the post office and found wires strung across the sidewalk and a food cart blocking access to an alley. Plaintiff reported the blockages to Dale Osborn, the town marshal, but nothing was done to clear the ways.

Plaintiff returned to the post office the next day to find the situation unchanged. While there, he encountered three "disabled" people trying to walk over the wires and down the sidewalk. He assisted these individuals but, in doing so, injured his right foot and aggravated a pre-existing injury to his left foot. Plaintiff again reported the problem to Osborn who, again, did nothing. Plaintiff was told to report the issue to Donny Powell.

Neither the wires nor the food cart had been removed over the next two days so, on day five, Plaintiff went to see Michelle Sexton, the town clerk. Sexton refused to see Plaintiff. Having obtained no relief from local officials, Plaintiff sued that same day. The suit seeks declaratory relief to ensure access to the post office.

**B.**     *Pending Motions*

In early October, Defendants moved to dismiss Osborn, Powell, and Sexton from this suit. (ECF No. 17). Rather than respond, Plaintiff submitted a filing that asked to "amend [his] complaint to include 'Callous Indifference' And [sic] "deliberate negligence." (ECF No. 22). No amended pleading was attached. Defendants objected to Plaintiff's request to amend and asked that it be stricken, arguing that Plaintiff had violated N.D. Ind. Local Rule 15-1(b). (ECF No. 23).

Two weeks after seeking leave to amend, Plaintiff filed what the clerk's office generously described as a supplement to his complaint. (ECF No. 24). That's not how the Court would describe the filing. Instead, in line with the holiday season, Plaintiff's filing is more like the second event of Festivus – the airing of grievances. Plaintiff details a long list of gripes against the Town, including overflowing sewer drains in 2004 and a broken water line in 2008 that was allegedly not repaired until 2012. Plaintiff alleges that these water issues caused him to have a heart attack in 2013 that disabled him until 2017. Finally, Plaintiff alleges some funny business surrounding the 2019 sale of a property next to his own.

To be safe, Defendants treated Plaintiff's "supplement" as an amended complaint. They filed a Supplemental Motion to Dismiss, addressing additional claims that might have been included in Plaintiff's "supplement." (ECF No. 26). Plaintiff has not responded to the supplemental motion.

**B.  Legal Analysis**

**1.  *Motion to Dismiss Standard***

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal if the complaint fails to set forth a claim upon which relief can be granted. "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Thus, when analyzing a Rule 12(b)(6) motion to dismiss, a court construes the claim in the light most favorable to the plaintiff, accepts all factual allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

At a minimum, the claim must give fair notice of what the claim is and the grounds on which it rests; and the factual allegations must raise a right to relief above the speculative level. *See Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009); *Tamayo*, 526 F.3d at 1081, 1083. While a claim need not include detailed factual allegations, a plaintiff has the obligation to provide the factual grounds supporting his entitlement to relief; and neither bare legal conclusions nor a formulaic recitation of the elements of a cause of action will suffice in meeting this obligation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("the pleading standard Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and "(t)hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Although this does not

require heightened fact pleading of specifics, it does require the claim to contain enough facts to state a claim to relief plausible on its face. *Bell Atl. Corp.*, 550 U.S. at 570; *Tamayo*, 526 F.3d at 1083 ("(a) plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible rather than merely speculative, that he is entitled to relief").

**2.     *Plaintiff's Initial Complaint is the Operative Pleading***

The first matter the Court must address is which filing will it review in determining if Plaintiff has stated a claim. Plaintiff's filings have muddied these normally clear waters. He has filed a motion for leave to amend without an amended pleading, and then whatever Docket No. 24 is. Defendants, apparently as confused as the Court, have moved to dismiss both the initial complaint and Docket No. 24 – if it is an amended complaint. Having reviewed the filings, the Court finds that only the initial complaint can properly be viewed as a complaint.

To begin with, Plaintiff's request to file an amended complaint was unnecessary. Plaintiff had the right to amend, without leave of court, within twenty-one days of the filing of Defendant's motion to dismiss. Fed. R. Civ. P. 15(a)(1)(B). The motion for leave to amend was filed on the twenty-first day. Plaintiff could have, and should have, filed an amended complaint if that's what he wanted to do.

That said, nothing that Plaintiff filed after Defendant's motion to dismiss can be considered an amended pleading. The motion for leave to amend identifies additional claims Plaintiff wishes to assert but, as Defendants note, more is required. This Court's local rules require that an amended pleading "reproduce the entire pleading as amended" and warn that the amended pleading "must not incorporate another pleading by reference." N.D. Ind. L.R. 15-1(b). The request to amend states only that Plaintiff wants to "to "amend [his] complaint to include 'Callous Indifference' And [sic]

"deliberate negligence." (ECF No. 22 at 1). This sentence, standing alone, cannot constitute an amended pleading in this district.

Turning to Docket No. 24, the Court recognizes that *pro se* pleadings are viewed through a generous lens. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). But pro se litigants must still comply with the general standards applicable to all litigants, and the operative requirement for a complaint under the Federal Rules of Civil Procedure is this:

> A pleading that states a claim for relief must contain: (1) a *short and plain* statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a *short and plain* statement of the claim showing that the pleader is entitled to relief; and (2) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a) (emphasis added).

First, the Court notes that Plaintiff does not describe Docket No. 24 as an amended pleading. Instead, he states that the purpose of the filing is to "give some pertinent information." (ECF No. 24 at 1). The Court is reluctant to characterize a filing as an amended pleading when the filing party has not done so. Indeed, if the Court considered every unintelligible *pro se* filing to be an amended pleading, cases without lawyers would rarely reach a conclusion.

Nor can Docket No. 24 be characterized as a short and plain statement of a claim. The filing contains: a play-by-play of the preliminary pretrial conference; rhetorical questions about the abilities of heart patients, diabetes sufferers, and wheelchair users; long paragraphs about perceived slights that took place decades ago; praise for Plaintiff's father; statements of disdain for the Popcorn Festival; and an update on settlement discussions (or their lack). Even under the most lenient reading, the filing cannot be considered a valid pleading. *See, e.g.*, *Richee v. Velasco*, 2002 WL 31455982 (N.D. Ill. Nov. 1, 2002).

So, what is Docket No. 24? The document was signed by Plaintiff on November 2, 2021. (ECF No. 24 at 5). This would place it near the time for a response to the initial motion to dismiss. *See* N.D. Ind. L.R. 7-1(d)(2). With no other obvious answer, the Court will consider the filing to be Plaintiff's response.

**3.    *Plaintiff has no ADA Claim Against the Individual Defendants***

Turning to the merits of Defendants' motion to dismiss, the Court agrees that Plaintiff cannot maintain a claim against Osborn, Powell, and Sexton under the ADA. In suits under Title II of the ADA (which addresses discrimination in public services), as under many other federal anti-discrimination laws, the proper defendant usually is an organization rather than a natural person. Rather, the proper defendant is that "entity." As a result, the Seventh Circuit has held that there is no personal liability under Title II. *Walker v. Snyder*, 312 F.3d 344, 346 (7th Cir. 2000), overruled on other grounds by *Bd. of Trs. v. Garrett*, 531 U.S. 356, 374 (2001).

If Plaintiff has an ADA claim, it is against the Town, not its employees. The Town has been named as a Defendant. Thus, there is no reason, legal or practical, to keep the individual Defendants in this suit. The motion to dismiss will be granted.

**III.    Conclusion**

For these reasons, Defendant's Motion to Dismiss (ECF No. 17) is GRANTED. Defendants Sexton, Osborn, and Powell are DISMISSED from this suit. Defendant's Supplemental Motion to Dismiss (ECF No. 26) and Plaintiff's motion for leave to file an amended complaint (ECF No. 22) are DENIED as moot.

SO ORDERED on December 2, 2021.

       s/ *Holly A. Brady*
       JUDGE HOLLY A. BRADY
       UNITED STATES DISTRICT COURT