UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| RAYMOND D. MARKLEY, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:21-CV-305-HAB |
| | ) | |
| CIVIL TOWN OF VAN BUREN, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

The parties agree that this case should be dismissed, but they disagree on the terms of that dismissal. Plaintiff wants the case dismissed without prejudice. He argues that his lack of legal training and resources, coupled with his physical ailments, make it impossible for him to prosecute this case now. Defendant wants the case dismissed with prejudice. It notes Plaintiff's repeated failures to follow this Court's rules, particularly Plaintiff's recent failure to appear for a scheduled deposition. Defendant believes that these failures entitle it to dismissal under Fed. R. Civ. P. 41(b). The Court agrees with Defendant.

First, some background. This suit was filed last August, only days after Plaintiff's alleged injuries occurred. Plaintiff alleged, generally, that Defendant allowed vendors at the annual Popcorn Festival to block access to the local post office. This, he asserted, violated the Americans with Disabilities Act ("ADA"). The case was set for a preliminary pretrial conference, which Plaintiff failed to attend. Plaintiff was warned that, should he fail to appear at a rescheduled conference, he would be subject to sanctions "up to and including . . . dismissal of his lawsuit." (ECF No. 16).

Defendant then moved to dismiss three town employees originally named by Plaintiff. Rather than respond to that motion, Plaintiff filed a deficient motion to amend his complaint (ECF No. 22) and a five-page screed filled with new gripes (ECF No. 24). In its order granting the motion to dismiss, this Court advised Plaintiff of the proper way to seek leave to amend his complaint. (ECF No. 28 at 4). It also pointed Plaintiff to the local rule governing motion practice. (*Id*. at 6).

Plaintiff failed to heed the Court's counsel. Instead, Plaintiff moved to Correct the Record (ECF No. 29) along with an update on his alleged injuries (ECF No. 30). The Court, sua sponte, struck these filings, again directing Plaintiff to the rules governing amended pleadings. (ECF No. 33). At the end of that order, the Court cautioned Plaintiff that "further failures to follow procedural rules may result in sanctions, up to and including dismissal of the case." (*Id*. at 2).

Rather than educate himself on the finer points of federal practice, Plaintiff continued to disregard the rules by filing his medical records and scene photos directly with the Court. (ECF Nos. 34, 35). The Court, again sua sponte, struck these filings as well. (ECF No. 36). Plaintiff was "WARNED that his next violation of procedural rules will result in sanctions, up to and including dismissal of this case." (*Id*. at 2).

Three days after this warning, Defendant noticed Plaintiff for a February 24, 2022, deposition. (*See* ECF No. 39). Rather than appear for the deposition, Plaintiff moved to dismiss his case without prejudice.[1] (ECF No. 37). Plaintiff's failure to appear for the deposition prompted Defendant to move for dismissal with prejudice. (ECF No. 38). The time for Plaintiff to respond to Defendant's motion has passed without filing.

District courts have the authority to dismiss complaints to penalize parties who flout procedural rules and orders, as well as to deter future violations. *See* Fed. R. Civ. P. 37(b)(2)(c);

---

[1] Defendant correctly notes that, given the procedural posture of the case and Defendant's lack of consent, Plaintiff could not dismiss this case under Fed. R. Civ. P. 41(a)(1)(A).

*Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976); *Johnson v. J.B. Hunt Transp., Inc.*, 280 F.3d 1125, 1130 (7th Cir. 2002). Rule 41(b) authorizes a district court to dismiss a complaint for failure to prosecute, or failure to comply with the Federal Rules of Civil Procedure or court orders, upon a showing that "there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *See Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998). Rule 37 similarly allows for dismissal when a party fails to appear for his noticed deposition or fails to make mandatory disclosures. Although Rule 37 does not require a pattern of abuse, the district court must make a finding of "willfulness, bad faith or fault," by a preponderance of the evidence, to justify the sanction. *See Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772 (7th Cir. 2016). A district court need not make a finding of willfulness under Rule 37 explicitly; rather, such a finding may be implicit in the record. *See In re Golant*, 239 F.3d 931, 936 n. 1 (7th Cir. 2001).

The Court finds that dismissal is appropriate under either rule. Although Plaintiff does not have a history of discovery violations, Rule 37 treats the failure to attend a deposition more harshly. The rule allows a district court to dismiss a case for a single act of disregarding a deposition. *See* Fed. R. Civ. P. 37(d)(1), (3); *Halas v. Consumer Servs., Inc.*, 16 F.3d 161, 165 n.6 (7th Cir. 1994) ("Rule 37(d) also dispenses with the requirement of willfulness."). The Court need not employ gradual sanctions to address party misconduct. *See Rice v. City of Chicago*, 333 F.3d 780, 784 (7th Cir. 2003).

But even if Rule 37 does not support the sanction of dismissal, Rule 41 does. The record of Plaintiff's contumacious conduct is clear. Plaintiff has failed to appear for a hearing. He has refused to follow this Court's rules even after they are pointed out to him, and even after he has received written warnings. He has ignored a notice of deposition. Indeed, over the seven months

this case has been alive, it is hard to point to a rule he has followed. Rather, Plaintiff has repeatedly demonstrated both a lack of knowledge of the Court's rules and procedures and an unwillingness to learn them.

To persuade this Court to dismiss the action without prejudice, Plaintiff points to the fact that there is a long time before the statute of limitations expires. True enough. Plaintiff could have spent the two years after his accident hiring counsel or familiarizing himself with federal practice and procedure, healing from his wounds, and otherwise putting his case together. Instead, he snap-sued only days after the alleged accident, and continuously failed to abide by the rules of the Court while acting *pro se*. Plaintiff showed a complete lack of patience in suing; the Court sees no reason to bend over backwards for him now.

Plaintiff was warned not once, not twice, but three times that his conduct would eventually lead to the dismissal of this case. Those warnings are now coming to fruition. For the reasons set forth above, Defendant's Motion for Involuntary Dismissal is GRANTED. This case is DISMISSED WITH PREJUDICE.

SO ORDERED on March 24, 2022.

 s/ Holly A. Brady  
JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT